IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TYRONE C. JONES - pro se
    Plaintiff,

v.

L.T. CASE NO: 05-0831CJDP

FLORIDA DEPT. OF CHILDREN
AND FAMILIES, GUARDIAN AND
LITEM PROGRAM, et. al.,
    Respondent(s).

cat / div  550/1983/ MIA
Case # _____
Judge _____ Mag WHITE
Motn Ifp  NO   Fee pd $ —
Receipt # _____

FILED by _VS_ D.C.
DEC 06 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S D of FLA - MIAMI

## COMPLAINT UNDER TITLE 42 U.S.C. 1983

The Plaintiff Tyrone C. Jones brings this action under Title 48 U.S.C. against the Respondents for violations of rights reserved by the Constitution of the United States and states the following:

### JURISDICTION

The Court has jurisdiction in this matter pursuant to Title 28 U.S.C. Section 1331, Title 42 U.S.C., Section 1983. (See *Monroe v. Page*, 365 U.S. 167, 173-74, 891 S. Ct. 423, 5 L. Ed. 2d 492, 498 (1961) HOLDING THAT 1983 GIVES A REMEDY TO PARTIES DEPRIVED OF CONSTITUTIONAL RIGHTS, PRIVILEGES AND IMMUNITIES BY AN OFFICIALS' ABUSE OF HIS POSITION AND DETAILING SEVERAL REASONS YOU MIGHT PREFER TO USE FEDERAL COURTS INSTEAD OF STATE TO SEEK A REMEDY.

## STATEMENT OF FACTS

In 2005 Plaintiff was placed in a dependency proceeding due to an incident that took place at Plaintiff's home with his wife and oldest daughter. It was alleged that Plaintiff's wife, while he was at work hit his oldest daughter with a clothing hanger. Upon a Broward Sheriff Office Chile Protection team medical examination the report generated State that that was inconsistent with that allegation. However Plaintiff and his wife were forced under threat to partake in a case plan or the children would be taken away.

During the course of the case, one of the investigators with the Broward Sheriff Child Protective team wanted information on Plaintiff's employment. He turned that information over to Ms. Sherry B-Harry. Upon doing so she was contacting his employer continually as if he was under a criminal investigation. This continued and nearly cost Plaintiff his employment. So, Plaintiff went and talked to her (Ms. B-Harry) supervisor about these actions. After that discussion Ms. B-Harry came in contact with Plaintiff's wife's cousin, Thomas Walker and openly stated "since he wants to talk to my boss, I have no reason to take his children, but I'm going to show him I have the power in this matter."

The children were then removed while Plaintiff's wife was at the bus stop. Upon going to the judicial review a case plan was re-given and required a number of tasks.

Plaintiff and his wife completed those tasks and the Judge Hope T. Bristol ordered more tasks. It should be noted that during this time Plaintiff was living with his sister, Juliet Jones to save for a home. Plaintiff's wife became with child and again Judge Hope Bristol placed a baby alert and each time during the course of the case for no reason three more children were removed without cause and another case plan was given, but each time it was completed other tasks were given.

In 2008 Plaintiff purchased a home and provided the full closing documentation to the department for proof of his own stable housing and the documentation showed the home was free and clear with no mortgage. Again, review of this and inspection of the home the children were returned.

Subsequently, due to an ongoing criminal case I had to go to prison for 30 months. Upon commitment the children were removed from Plaintiff's wife again, because the case worker wanted a fence around the pool that needed a permit. And because Plaintiff's wife could not do this within three days they took the children again, but this time the guardian litem petitioned for termination of parental rights. At that point from prison I retained a private counsel.

Samuel D. Lopez who handled the case from 2010 through to 2012. In 2010 Plaintiff was released and because he was completed with the entire case plan the termination of parental right petition was suspended. It should be noted that at this point Plaintiff was on felony probation, but nonetheless his employment remained

and Plaintiff still owned the home. Subsequently in 2011 Plaintiff's probation was violated and out of that new cases came about and Plaintiff was facing six years prison.

The Court asked about financial provision. Plaintiff advised the Court that those provisions were in place if Plaintiff goes to prison and provided counsel documentation to present to the Court, some of which were already on file. The Guardian Ad Litem petitioned and TPR trial commenced. Prior to trial Plaintiff's retained counsel had to withdraw due to a conflict. The Court on the record asked would Plaintiff be retaining another attorney and Plaintiff advised the Court that Plaintiff could but he must submit the case to the tribal counsel and see who they would recommend. Over Plaintiff's objection the Court appointed counsel. Appointed counsel did not have any time to prepare for the trial.

Every witness that Plaintiff requested appointed counsel failed to call. He further failed to present documentation to show Plaintiff's financial stability and to question the department during the trial about all the financial support. Plaintiff provided during the course of the case for the children, these receipts were in the Court file.

He refused to present this information and call the one key witness the oldest child.

All these claims Plaintiff has presented to the State Court all the way to the Florida Supreme Court and none would give relief. These are violations of constitutional rights due to process and effective assistance of counsel and no remedy has been given in State Courts, so Plaintiff presented these claims to the Federal Court for remedy.

All the key witnesses to the financial trust funds to sustain my wife and children was Criage Bunnie with City Bank who was trustee over the accounts to insure all bills were paid and all insurance policies and bonds stay current and pay out to Plaintiff's wife for money needed to handle any other living and personal expense.

Plaintiff and his wife were deprived of their right to effective assistance of counsel and due process during the course of the case.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff moves this Honorable Court to vacate and set aside the judgment terminating parental rights and order the children returned and any other relief this Court deems proper in this matter.

Respectfully submitted,

_____
Tyrone C. Jones # L72165

## NOTARIZED OATH

State of Florida       )
                       )
County of   Dade       )

Before me, the undersigned authority, this day personally appeared Tyrone C. Jones, who first being duly sworn, says that he is the Plaintiff in the above styled cause, that he has read the foregoing document and has personal knowledge of the facts and matters therein set forth and alleged and that each and all of these facts and matters are true and correct.

_____
Tyrone C. Jones # L72165

Sworn and subscribed to before me on this __29__ day of __November__, 2017.

_____
Notary Public or other person Authorized to administer an Oath

K. PONCE
MY COMMISSION # FF 204696
EXPIRES: March 1, 2019
Bonded Thru Budget Notary Services

Personally known _____
Produced identification __✓__
Type of Identification produced __FL DOC State I.D.__

7

## CERTIFICATE OF SERVICE

I CERTIFY that copies of the foregoing complaint has been served on the parties listed: Florida Department of Children and Families, DBA Childnet Inc., 1100 W. McNab Road, Ft. Lauderdale. Florida 33309 and Statewide Guardian Ad Litem, 101 Bush Blvd., Suite 3238, Sanford, Florida 32773 on this 29 day of November, 2017

Tyrone C. Jones #L72165
Everglades Correctional Inst.
1599 S.W. 187th Avenue
Miami, Florida 33194

Tyrone C. Jones - L72165
Everglades Correctional Facility
1599 SW 187 Avenue
Miami, FL 33194

UNITED STATE DISTRIC COURT
SOURTHERN DISTRICT OF FLORIDA
400 N. Miami Avenue
Miami, FL 33128



NOV 29 2017